FILED
CLERK

12:55 pm, Aug 26, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAVID MICHAEL TROTMAN, JR.,

              Plaintiff,

     v.

OFFICER HEROD, OFFICER GARRETT,
OFFICER WIENBERGER, CAPTAIN
COWEN, and CAPTAIN WILSON,

              Defendants.
------------------------------------------------------------------------X

**MEMORANDUM
& ORDER**
CV 19-3788 (GRB)(LB)

**GARY R. BROWN, United States District Judge:**

*Pro se* plaintiff David Michael Trotman, Jr., currently incarcerated at the Sullivan Correctional Facility in Fallsburg, New York, filed an *in forma pauperis* complaint under 42 U.S.C. § 1983 against several corrections officers for allegedly stealing his "mixtapes" and conspiring to ruin his rap career. Compl., Docket Entry ("DE") 1. For the reasons set forth below, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B), and plaintiff is granted thirty (30) days to file an amended complaint.

### BACKGROUND

Trotman, plaintiff *pro se,* commenced this action by filing a complaint and a motion for *in forma pauperis* on June 19, 2019. Compl., DE 1; IFP Application, DE 2. The Honorable Kiyo A. Matsumoto, U.S. District Judge, to whom this case was originally assigned, granted plaintiff's *in forma pauperis* application, but ordered that "[s]ummons will not issue at this time, pending the Court's review of the complaint pursuant to 28 U.S.C. § 1915." Order dated Jan. 23,

1

2020.  Plaintiff then filed various motions to compel, which were denied without prejudice to renewal after the Court's review of the complaint under § 1915.  The case was then randomly reassigned to the undersigned.

The events giving rise to this complaint occurred in June 2017, during plaintiff's incarceration at the Eric M. Taylor Center ("EMTC") at Rikers Island.  Compl. 5.[1]  On June 4, 2017, plaintiff "refused housing because of safety issues while in the intake area of the EMTC."  *Id.* at 7.  On June 5, 2017, at around 2:00 or 3:00 a.m., an "extraction team" arrived to relocate plaintiff from the intake area to another facility without his property, later identified as several mixtapes titled "4+17=21," "Creepy Hollow," and "Illest Eve."  *Id.*  Plaintiff alleges that after this incident, he "immediately requested the location [and/or] status of his property to the officer on post" and continued to make "daily" requests for his property.  *Id.*

On June 5, 2017, at around 10:00 or 11:00 p.m., plaintiff alleges that he suffered an assault by another inmate.  *Id.*  Plaintiff claims that "an inmate worker threw liquids in [his] cell . . . multiple times."  *Id.*  Plaintiff further asserts that "while [he] was using a state issued mattress to block those attacks[,] [he] was cut on [his] lower left leg near [his] ankle" by the attacking inmate.  *Id.*  Plaintiff states that he was "observed in the EMTC . . . new clinic on June 7th or 8th," presumably in connection with this injury.  *Id.*  After this treatment, Plaintiff alleges that he was again "relocated without [his] property" to a new cell.  *Id.*

---

[1] Plaintiff's complaint contains a number of pages of drawings and lyrics, which, though not unattractive, are not relevant for purposes of this Memorandum and Order.  *See, e.g.*, Compl. 2, 4, 6, 8, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20-23, 25-26.  These pages are intermixed with the substantive allegations of Plaintiff's complaint, meaning that they cannot be easily separated or stricken from the complaint without confusing its pagination.  The Court therefore cites to the complaint by the ECF page number.

Plaintiff identifies each of the individual defendants' involvement as follows. Captain Wilson and Officer Garrett were the "security workers . . . present on [June 5, 2017], the last time Plaintiff had [his] mixtapes." *Id.* at 18. Officers Herod and Weinberger "lied [and] played games [with plaintiff] about [his] property and didn't alert supervisors or medical while inmates were splashing Plaintiff [during the foregoing incident] until days after [the] alleged slashing." *Id.* Captain Cowen "replied to a 311 complaint and lied to Plaintiff about [the] status of [his] property that was stolen or misplaced." *Id.* Plaintiff believes that Cowen stole his mixtapes "for numerous purposes" on June 4, 2017, the date of the "Summer Jam Music Festival." *Id.*

Overall, plaintiff states that he is a "very successful urban rap artist" and that he was "targeted then robbed by corrections workers, convicts, inmate gang members, that conspired collectively to ruin [his] rap career." *Id.* Plaintiff's alleged injuries are the "ruining" of his rap career, a cut left leg, and mental distress resulting from the splashing incident described above. *Id.* As relief, plaintiff seeks $4.8 million, to cover "medical expenses and [the] possible value of [his] underground rapping expenses to cover hiring [a] manager[,] airfare[,] hotels[,] [and] studio time[,] among other things[,] or professional assistance such as hiring DJs[,] musical engineer[s][,] video gurls[,] or models for promotional advertisement[s]." *Id.* at 9.

## LEGAL STANDARD

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

3

> It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, (1976)); *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis,* 618 F.3d at 170 (quoting *Harris v. City of New York,* 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 123 (2d Cir.2010), *aff'd,* —— U.S. ——, 133 S. Ct. 1659, 185 L.Ed.2d 671 (2013) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 678 (citation omitted).
>
> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.; accord Wilson v. Merrill Lynch & Co.,* 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly,* 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1–2 (E.D.N.Y. Dec. 31, 2014).

The Second Circuit has held that "[d]istrict courts should generally not dismiss a <u>pro se</u> complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile." *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)); *see also Shipman v. Charles Schwab & Co.*, No. 14-CV-4568 (ENV)(LB), 2016 WL 11472831, at *7 (E.D.N.Y. Aug. 11, 2016) (citing *O'Neil v. Ponzi*, 394 F. App'x 795, 796-97 (2d Cir. 2010)) ("the court need not grant leave to amend 'where the substance of the claim pleaded is frivolous on its face.'"). A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Denton v.*

4

*Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also Lamb*, 698 F. App'x at 2 (citing *Neitzke*, 490 U.S. at 325).

## DISCUSSION

Plaintiff brings his action pursuant to 42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To state a claim under Section 1983, a plaintiff must show (1) that some person deprived him of a federal right and (2) that the person depriving him of that right acted under color of state law. *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005). Moreover, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks omitted). A Section 1983 complaint that does not allege the personal involvement of a defendant thus fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

### I. Lack of Personal Involvement

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks omitted). "[B]ald assertions and conclusions of law" are insufficient to establish personal involvement, *see Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996), and an individual will not be held liable by virtue of his or her supervisory position alone, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Rather, a plaintiff must allege that each individual defendant (1) directly participated in the violation; (2) as a supervisory official,

failed to remedy the violation after learning of it through a report or appeal; (3) as a supervisory official, created a policy or custom fostering the violation or allowing the policy or custom to continue after learning of it; or, (4) as a supervisory official, was grossly negligent in managing subordinates who caused the unlawful condition or event. *Williams v. Smith*, 781 F.2d 319, 323-324 (2d Cir. 1986).

First, plaintiff alleges that Captain Wilson and Officer Garrett "were present on [June 5, 2017], the last time Plaintiff had [his] mixtapes and valuable items critical to his success in the 'rap industry.'" Compl. 18. While plaintiff alleges that these individuals were present, he does not indicate what involvement they had, if any, in the alleged deprivation of his property. The complaint therefore fails to state a claim against Wilson and Garrett.

Second, plaintiff alleges that Officer Herod and Officer Weinberger "lied [and] played games about [plaintiff's] property and didn't alert supervisors or medical while inmates were splashing Plaintiff [in the housing unit] days after [the] alleged slashing" incident took place. *Id.* With respect to the deprivation of property, plaintiff again does not allege that either of these officers was personally involved in the deprivation. His conclusory allegations are insufficient to explain their personal involvement. As to the failure to report, plaintiff does not allege that these officers were aware of the alleged misconduct or provide any context as to why they should have known this information, or whether they were present during the assaults in question. The complaint therefore also fails to state a claim against Herod and Weinberger.

Finally, Plaintiff alleges that Captain Cowen "replied to [Plaintiff's] 311 complaint and lied to plaintiff about [the] status of [his] property that was stolen or misplaced." *Id.* Plaintiff further asserts that he "intends to prove [that his property] was stolen intentionally by Capt[ain] Cowen for numerus purposes on June 4, 2017." Again, however, Plaintiff does not allege that

6

Captain Cowen was personally involved in the alleged deprivation of his property. *See, e.g., Iqbal*, 556 U.S. at 676 ("'Because vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("'[S]upervisor liability in a [section] 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)).

To the extent the complaint attempts to make some claim concerning the personal injuries allegedly sustained at the hands of another inmate, the complaint fails to allege any personal involvement by defendants in those acts. At best, the complaint seems to suggest that officers failed to report the issue to their supervisors until days later, but no contemporaneous failures on the part of defendants are alleged which could give rise to liability. Thus, the personal injury claims appear, on the allegations set forth, meritless.

## II. Deprivation of Property Claim

Even if plaintiff had alleged the officers' personal involvement, his deprivation of property claim would still fail. To bring a deprivation of property claim under the Fourteenth Amendment, a plaintiff must show either (1) that an "established state procedure" deprived him of property "without according him proper procedural safeguards," *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982), or (2) that "random and unauthorized conduct" of a state employee resulted in the intentional deprivation of property and that "a meaningful postdeprivation [state] remedy for the loss [was not] available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

7

"It is well established that New York provides inmates with the opportunity for a meaningful postdeprivation hearing through state law causes of action for 'negligence, replevin, or conversion which could fully compensate [the plaintiff] for his alleged property loss.'" *Toliver v. City of New York*, No. 10-CV-5806 (SHS)(JCF), 2013 WL 6476791, at *7 (S.D.N.Y. Dec. 10, 2013) (quoting *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985)). While Plaintiff alleges that he filed a 311 complaint, Compl. 7, he does not allege that he brought, or was otherwise prevented from bringing, a state law cause of action seeking compensation for property loss. Consequently, Plaintiff has not stated a due process claim for the loss of his personal items, *see Leneau v. Ponte*, No. 16-CV-776 (GHW), 2018 WL 566456, at *9 (S.D.N.Y. Jan. 25, 2018); *Corley v. City of New York*, No. 14-CV-3202 (GHW), 2017 WL 4357662, at *7 (S.D.N.Y. Sept. 28, 2017).

## LEAVE TO AMEND

Because plaintiff is proceeding *pro se* and the court cannot "rule out any possibility . . . that an amended complaint would succeed in stating a claim," plaintiff is granted thirty (30) days leave to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (quoting *Gomez v. USAA Federal Savings Bank*, 111 F.3d 794, 796 (2d Cir. 1999)).

Should plaintiff elect to file an amended complaint, he must plead facts sufficient to allege a violation of his constitutional rights and the personal involvement of each defendant named. Plaintiff is advised that the amended complaint will completely replace the original complaint (*i.e.*, the amended complaint must stand on its own without reference to the original complaint), must be captioned, "Amended Complaint," and shall bear the same docket number as this order. If plaintiff fails to file an amended complaint within the time allowed or show good

cause why he cannot comply, judgment shall enter.  If filed, the amended complaint will be reviewed for compliance with this memorandum and order and for sufficiency under 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).  Any state law claims are dismissed without prejudice.  Plaintiff is granted thirty (30) days leave from the date of this memorandum and order to file an amended complaint consistent with the terms of this order.

Should Plaintiff decide to file an amended complaint, it must be submitted within the time frame specified in this Memorandum and Order, be captioned "Amended Complaint," and bear the docket number 19-cv-3788 (GRB) (LB).  Plaintiff is advised that the amended complaint will completely replace the original complaint, so Plaintiff must include in it any allegations he wishes to pursue against Defendants.  If Plaintiff fails to amend his complaint within thirty (30) days or show good cause why he cannot comply, the Court will direct the Clerk of Court to enter judgment dismissing this action and close this case.

The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order and a form civil rights complaint for prisoners to Plaintiff at his address of record and note service on the docket. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:       Central Islip, New York
               August 26, 2020

                                                                 /s/ Gary R. Brown
                                                                GARY R. BROWN
                                                                United States District Judge