UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

IN RE: CASES FILED BY
DAVID MICHAEL TROTMAN, JR.

FILED
CLERK
4:31 pm, Jun 15, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
CV 19-3788 (GRB)(LB)
CV 18-7469 (GRB)(LB)

------------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

*Pro se* plaintiff David Michael Trotman, Jr. filed these § 1983 actions while incarcerated in 2018 and 2019. The 2019 action is brought against several corrections officers for allegedly stealing his mix-tapes, permitting an assault involving splashing him with liquids and slashing his leg and conspiring to ruin his rap career. Docket Entry ("DE") 1, CV 19-3788, Complaint ("Compl."). Finding that his property claims were insufficient as a matter of law and that Trotman had failed to allege the personal involvement of any defendant in the assault claim, the Court dismissed the initial complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). *See Trotman v. Herod*, No. CV-17-3788 (GRB)(LB), 2020 WL 5043934, at *5 (E.D.N.Y. Aug. 26, 2020).[1] He subsequently filed an amended complaint, which was dismissed in part. DE 21, 24.

In the 2018 action, Trotman complains of various conditions and aspects of incarceration in Suffolk County. DE 11, CV 18-7469. The Court dismissed the majority of plaintiff's claims in the amended complaint, a document "replete with hate speech that serves no litigation purpose other than to harass and disparage." *See* DE 23 at 16. At that time, the Court noted that the use of such irrelevant hate speech "arguably requires dismissal of the complaint as malicious under 28

---

[1] Mr. Trotman, a repeat litigant, has had several other cases dismissed for failure to state a valid claim. *See, e.g.*, *Trotman v. C.S.H.*, No. 17-CV-716, 2018 WL 701276 (E.D. Va. Feb. 2, 2018); *Trotman v. C.S.H.*, 738 F. Appx 249 (4th Cir. 2018); *Trotman v. C.S.H.*, 770 F. Appx 135 (4th Cir. 2019); *Trotman v. Bock*, No. 18-CV-2481 (KAM)(L, DE 41 (E.D.N.Y. Nov. 20, 2019); *Trotman v. Doe*, No. CV 18-7469 (GRB)(LB), 2020 WL 5097236, at *9 (E.D.N.Y. Aug. 27, 2020); *Trotman v. Sposato, et al.*, No. CV 18-2711 (GRB)(LB), DE 87 (E.D.N.Y. Aug. 24, 2021), *adopted by*, Electronic Order dated September 16, 2021.

U.S.C. §§ 1915(e)(2)(B)(i)" but declined to do so, instead cautioning plaintiff that future gratuitous invective "will result in dismissal of the complaint." *Id.*  Nevertheless, the Court granted Plaintiff's second motion to amend the complaint.  *See* DE 27 at 6, DE 36.

On December 16, 2020, the plaintiff filed an Order to Show Cause with the Court in the 2019 action, mailing a package that contained food items and packaging.  DE 26, CV 19-3788. The Clerk returned the filing, which was defective in several other ways.  As a result, the Court issued the following order:

> **PLAINTIFF IS HEREBY ADVISED AND WARNED THAT, IN LIGHT OF SECURITY AND SANITARY CONCERNS AS WELL AS THE CURRENT PUBLIC HEALTH EMERGENCY, IF HE MAILS ANYTHING OTHER THAN WRITTEN DOCUMENTS TO THE COURT IN ANY FUTURE FILINGS, SUCH MATERIALS WILL BE DESTROYED AND DISPOSED OF WITHOUT FURTHER REVIEW.  ANY VIOLATIONS OF THIS ORDER MAY RESULT IN MORE SIGNIFICANT AND SERIOUS SANCTIONS, INCLUDING BUT NOT LIMITED TO DISMISSAL OF HIS CASES.**

Electronic Order dated December 16, 2020 (emphasis original).  On May 31, 2022, Mr. Trotman filed a letter noting a change of address.  Notwithstanding the Court's unequivocal warning, he smeared the envelope with his own blood.  DE 73 at 2.  That the substance appears to be blood is self-evident, but Mr. Trotman put the question to rest by noting that the bloodstains are the product of a nosebleed.  *Id.*  Then, to add insult to injury, Mr. Trotman adorned the envelope, which he had delivered to this Court, with graphic descriptions of sexual activity.[2]  *Id.*

Mr. Trotman's inexcusable conduct also extended to his 2018 action.  In a letter to the Court, an Assistant County Attorney handling the matter represented that:

---

[2] These filings are not the only examples of plaintiff's contumacious behavior.  He has, on many occasions, filed documents adorned with obscene, racist and graphically sexual marginalia and otherwise acted inappropriately. *See, e.g.*, DE 36 at 2 (references to "Dead Ass 'Bitch' My Ho"); DE 71 at 12-16 (transcript of conference with inappropriate comments by plaintiff directed to a United States Magistrate Judge).

2

> the plaintiff has sent correspondence to this office that have been contaminated by what appears to be bodily fluids and waste. . . .The plaintiff has done this on several prior occasions. Beyond the simply disgusting nature, this practice is dangerous and creates a health hazard for anyone who must come in contact with the plaintiff's repeated mailings.

CV 18-7469, DE 44 at 1 (noting that to scan the document for the Court, the writer had to don rubber gloves and then sanitize the scanner). An examination of color scans provided by the County Attorney makes it plain: the correspondence sent by Mr. Trotman to opposing counsel appears intentionally soiled with feces and/or blood. DE 44-1 & 44-2. The bloodstained change of address letter was also filed by Mr. Trotman in the 2018 action, *see* DE 48, the record of which is replete with Mr. Trotman's inappropriate rantings. *See, e.g.*, DE 19 at 7-8, DE 40 at 3. Earlier instances of filings bearing similar contamination appear on the Court's docket. *See, e.g.*, DE 35 at 8-11.

## DISCUSSION

A court may dismiss a *pro se* action as a sanction where, as here, the plaintiff continues to engage in inappropriate conduct even after being warned that such conduct may result in the sanction of dismissal. *See, e.g.*, *James v. Kuhnle*, No. 19-CV-1175 (KAM) (JMW), 2022 WL 1525488, at *4 (E.D.N.Y. May 13, 2022), *adopted by*, 2022 WL 2046679 (E.D.N.Y. June 7, 2022) (dismissing pro se action where "plaintiff has litigated in bad faith, despite being put on notice that his conduct may result in dismissal"). Here, as in *James*, "Plaintiff's conduct was entirely inappropriate and ran afoul of any acceptable boundaries of decency," and is therefore subject to dismissal under this Court's inherent authority. 2022 WL 1525488, at *1–2. Worse yet, by filing papers spattered with blood, plaintiff violated this Court's express order, creating an independent ground for dismissal.

Based on the foregoing, the actions are DISMISSED WITH PREJUDICE. The Clerk is directed to send a copy of this order to the plaintiff and close the cases.

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Central Islip, New York
June 15, 2022

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

4